**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0570, <u>Monica Banerjee v. Town of Wilmot</u>, the court on March 29, 2018, issued the following order:**

Having considered the plaintiff's brief, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Monica Banerjee, appeals orders of the Superior Court (<u>McNamara</u>, J.) dismissing her complaint against the defendant, the Town of Wilmot, on the basis that her claims are time-barred and barred by res judicata, and awarding attorney's fees to the town. We affirm.

The record on appeal establishes the following relevant facts. Between 2003 and 2011, a dispute ensued between the parties concerning the height of a building that the plaintiff was constructing in the town. That dispute culminated in an enforcement action brought by the town against the plaintiff. In 2011, the Circuit Court (<u>Cirone</u>, J.) ruled in favor of the plaintiff on the enforcement action and awarded her attorney's fees.

In 2013, the plaintiff sued the town in the United States District Court for the District of New Hampshire, asserting federal constitutional claims and several state law claims, including abuse of process, malicious prosecution, fraudulent misrepresentation, and libel and slander, arising out of the earlier dispute. The federal court dismissed the federal claims and declined to exercise supplemental jurisdiction over the state law claims. <u>See</u> <u>Banerjee v. Town of Wilmot, NH</u>, No. 13-cv-203-PB, 2013 WL 6048642 (D.N.H. Nov. 8, 2013). The United States Court of Appeals for the First Circuit affirmed, and the United States Supreme Court denied the plaintiff's petition for certiorari.

In 2015, the plaintiff filed suit against the town in superior court, asserting only a single claim of promissory estoppel based upon the town's alleged breach of an implied promise to maintain firefighting equipment sufficient to respond to a fire in a building of the height allowed by the town. The Trial Court (<u>McNamara</u>, J.) dismissed that suit for failure to state a claim upon which relief may be granted, ruling that the issuance of a building permit did not create an enforceable obligation to provide any level of fire protection service, and that the claim was also time-barred. We affirmed. <u>See</u> <u>Banerjee v. Town of Wilmot</u>, No. 2015-0704, 2016 WL 3477200 (N.H. Apr. 29, 2016).

At the same time that the plaintiff pursued her appeal of the 2015 superior court dismissal, she filed suit again in federal court, asserting a

federal due process claim and a state law claim of fraudulent misrepresentation against the town. The United States District Court for the District of New Hampshire dismissed the federal claim on res judicata grounds, and again declined to exercise supplemental jurisdiction over the state law claim. See Banerjee v. Town of Wilmot, No. 15-cv-488-JD, 2016 WL 1956751 (D.N.H. May 3, 2016).

The plaintiff brought the present case in 2017, this time asserting claims for inverse condemnation, fraudulent and negligent misrepresentation, and tortious interference with a contract. As with the prior lawsuits, the present suit arises out of the same factual dispute between the parties that culminated in the 2011 circuit court decision. In dismissing the case, the trial court reasoned that, because the claims arose out of the same factual transaction underlying the 2015 superior court suit, they could have been brought in the prior suit and, thus, were barred by res judicata. The trial court further reasoned that, because the operative facts giving rise to the plaintiff's claims occurred no later than 2011, the claims were barred by RSA 508:4 (2010). Finally, the trial court awarded attorney's fees of $1,024 to the town, finding that the plaintiff's position was patently unreasonable, that the case "can fairly be characterized as nuisance litigation," and that $1,024 was a reasonable fee.

On appeal, the plaintiff contends that neither the statute of limitations nor res judicata apply because she could not have asserted her claims until the superior court dismissed her 2015 lawsuit. According to the plaintiff, it was only then that she understood that the town had acted under an allegedly unlawful ordinance and had allegedly engaged in fraud by granting her a building permit and pursuing the enforcement action. She further contends that her fraud claim was timely under RSA 508:10 (2010) because she filed it within one year of the federal court's second decision not to exercise supplemental jurisdiction, and that her inverse condemnation claim is subject to the twenty-year statute of limitations in RSA 508:2 (2010). See Sundell v. Town of New London, 119 N.H. 839, 849-50 (1979) (ruling that inverse condemnation claims are subject to the twenty-year statute of limitations in RSA 508:2); but see also Kalil v. Town of Dummer Zoning Bd. of Adjustment, 159 N.H. 725, 729-31 (2010) (holding that inverse condemnation claim was barred by res judicata because landowner failed to raise it in earlier appeal from the denial of a variance). Finally, the plaintiff challenges both the trial court's determination that her suit was frivolous, and the amount of the attorney's fee award.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to

those orders, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**